UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEANNA COTTRELL,

           Plaintiff,

   v.

CORDIS CORPORATION, et al.,

           Defendants.

Case No.  16-cv-02500-JSW

**ORDER CONTINUING HEARING AND
GRANTING REQUEST FOR
JURISDICTIONAL DISCOVERY**

Re: Dkt. No. 37

United States District Court
Northern District of California

Now before the Court for consideration is the motion to remand or, in the alternative, for leave to pursue jurisdictional discovery, filed by Plaintiff.  The Court has considered the parties' papers, relevant legal authority, and the record in this case, and the Court finds that jurisdictional discovery on the location of Cordis Corporation's principal place of business is warranted.  The Court CONTINUES the hearing scheduled for August 12, 2016 to December 2, 2016.

Plaintiff filed this action against Cordis Corporation ("Cordis") and others in the Superior Court of the State of California, County of Alameda.  On May 9, 2016, Cordis removed the action and asserted that the Court has diversity jurisdiction.  "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a); *see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983).  However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

United States District Court
Northern District of California

1   At any time before judgment, if it appears that the district court lacks subject matter

2   jurisdiction over a case previously removed from state court, the case must be remanded.  28

3   U.S.C. 1447(c).  On a motion to remand, the scope of the removal statute is strictly construed.

4   *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The burden of establishing federal

5   jurisdiction for purposes of removal is on the party seeking removal.  *Id.*  If "challenged on

6   allegations of jurisdictional facts, the parties must support their allegations by competent proof."

7   *Hertz Corp. v. Friend*, 559 U.S. 77, 97 (2010).

8   Cordis removed the case solely on the basis of diversity jurisdiction.  Diversity jurisdiction

9   exists where the amount in controversy exceeds $75,000 and the parties are citizens of different

10   states.  28 U.S.C. § 1332(a).  It is undisputed that the amount in controversy exceeds $75,000.  It

11   also is undisputed that Plaintiff is a citizen of West Virginia.  A corporation is "deemed to be a

12   citizen of every State … by which it has been incorporated and of the State … where it has its

13   principal place of business[.]"  *Id.* § 1332(b).  It is undisputed that Cordis was incorporated in

14   Florida.  However, the parties dispute where Cordis' principal place of business is located.[1]

15   The Supreme Court has held that a corporation's principal place of business is the place

16   "where a corporation's officers direct, control, and coordinate the corporation's activities … [a]nd

17   in practice it should normally be the place where the corporation maintains its headquarters –

18   provided that the headquarters is the actual enter of direction, control and coordination."  *Hertz*

19   *Corp.*, 559 U.S. at 92-93.

20   In support of its Notice of Removal, and in opposition to Plaintiff's motion to remand,

21   Cordis relies on declaration from Adam Laponis, its Vice President of Finance, who signed his

22   declaration in Fremont, California.  (Notice of Removal, Ex. B (Declaration of Adam Laponis

23   ("Laponis Decl.").)  Mr. Laponis attests that, in 2015, Cardinal Health, Inc. acquired Cordis and

24   "placed the direction, control and coordination of Cordis' activities, and majority of its officers, in

25   Dublin, Ohio, where Cardinal Health is located.  Cordis' principal place of business is in Dublin

26   Ohio."  (Laponis Decl. ¶ 4.)  Mr. Laponis also attests that thirteen of Cordis' officers work in

27   ─────────────

28   [1]   It is undisputed that none of the other named Defendants are citizens of California or of
West Virginia.

2

United States District Court
Northern District of California

1    Dublin, Ohio, including its highest ranking officer, and only two work in the Fremont location.

2    (*Id.*, ¶¶ 5-6.)  Mr. Laponis does not, however, identify those officers or their titles.  He does,

3    however, attest that "decisions regarding the integration of Cordis; strategic vision; financial

4    controls and budgeting; hiring and firing of high-level employees; the setting of commercial 'go-

5    to-market' strategies; customer relations; manufacturing; distribution; procurement; and regulatory

6    affairs" are made in Dublin, Ohio.  (*Id.*, ¶ 7.)

7        Plaintiff, in turn, has put forth evidence that Cordis and Cardinal Health publicly represent

8    that Cordis' "North American operations are based out of the San Francisco Bay Area…."

9    (Declaration of Richard S. Lewis ("Lewis Decl."), ¶¶ 3-4, Exs. B-C.)  In addition, Plaintiff has put

10   forth evidence that suggests that Cordis' Corporation Communications department is located in

11   the Bay Area, and that senior positions for Global Marketing and Strategy are based in Fremont,

12   California.  (Lewis Decl., ¶¶ 2, 7, Exs. A, F.)

13       The Court concludes that there are controverted facts that bear on the issue of where

14   Cordis' principal place of business is located and that jurisdictional discovery is warranted in this

15   case.  *See Boschetto v. Hansing,* 539 F.3d 1011, 1020 (9th Cir. 1020); *see also Wells Fargo & Co.*

16   *v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977).  Accordingly, the Court

17   GRANTS Plaintiff's alternative request for limited and targeted jurisdictional discovery, which

18   may include written discovery requests and one (1) 30(b)(6) deposition.  The parties shall

19   complete that discovery by October 7, 2016.  If disputes arise over the scope of the discovery, the

20   parties shall submit a joint letter brief in accordance with this Court's Civil Standing Orders

21   outlining the nature of the dispute.  If the parties require additional time to complete jurisdictional

22   discovery, they may submit a request to the Court, either in the form of a stipulation or, if

23   disputed, an administrative motion to extend that deadline, and the other deadlines set by this

24   Order.

25       By no later than October 28, 2016, Plaintiff shall either file a notice withdrawing her

26   motion to remand or file a supplemental brief in support of that motion.  If Plaintiff maintains that

27

28

the case should be remanded, Cordis shall file a supplemental opposition by November 14, 2016[2], and Plaintiff shall file a reply by November 21, 2016.  The Court shall hear the motion on December 2, 2016.  If the Court finds the motion suitable for disposition without oral argument, it will notify the parties in advance of the hearing date.

**IT IS SO ORDERED.**

Dated: August 3, 2016

_____

JEFFREY S. WHITE
United States District Judge

---

[2]     The Court sets that date to account for the Veteran's Day holiday.